## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| DOUG NIEMEYER, ) | |
| ) | |
| Plaintiff, ) | Case No. 18-CV-7627 |
| ) | |
| v. ) | Honorable Robert W. Gettleman |
| ) | |
| VILLAGE OF HINSDALE, ) | |
| a Municipal Corporation, ) | |
| ) | |
| Defendant. ) | |

## DEFENDANT VILLAGE OF HINSDALE'S
## ANSWER TO PLAINTIFF'S COMPLAINT

Defendant Village of Hinsdale (the "Village"), by and through its attorneys James G. Sotos, Laura M. Ranum and Lisa M. Meador of The Sotos Law Firm, P.C., and in answer to Plaintiff's complaint, states:

### NATURE OF THE ACTION

1. This Complaint presents a federal claim of unlawful employment discrimination under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et al.* and violation of Civil Rights under 42 U.S.C. § 1983 ("§1983").

**ANSWER:** The Village admits the allegations in paragraph 1.

### JURISDICTION AND VENUE

2. This Court has original jurisdiction over the employment discrimination claim pursuant to ADEA because it arises under the Constitution and the laws of the United States. 28 U.S.C. § 1331 and § 1343.

**ANSWER:** The Village admits the allegations in paragraph 2.

3. Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission, Charge Number 440-2018-05929, prior to the initiation of this action.

**ANSWER:** The Village admits that Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission, Charge No. 440-2018-05929 prior to the initiation of this action. The Village lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 3.

4. The filing of the EEOC Charge resulted in the issuance of a notice of a right to sue for discrimination against the Defendant, issued on August 20, 2018. (A true and correct copy of the Right to Sue Notice is attached hereto as Exhibit A). Plaintiff has thus timely filed this Complaint within ninety (90) days of his receipt of the Right to Sue Notice.

**ANSWER:** The Village admits that this Complaint was filed within 90 days from the date of issuance of the dismissal and notice of a right to sue letter from the EEOC but denies that the scope of the Charges of Discrimination he filed with the EEOC included all of his claims herein.

5. Venue is proper in this court because all of the events at issue occurred in this judicial district.

**ANSWER:** Upon information and belief, the Village admits venue is proper but denies the events occurred in the manner set forth by Plaintiff.

## PARTIES

6. At all times relevant, Plaintiff Niemeyer was a resident of Westmont, Illinois. Plaintiff was born September 21, 1964.

**ANSWER:** The Village admits Plaintiff was born on September 21, 1964. The Village lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 6.

7. Defendant Hinsdale is and at all times herein has been a municipal corporation duly organized and existing under the law of the State of Illinois and located in the County of Cook, state of Illinois.

**ANSWER:** The Village admits the allegations in paragraph 7.

8. Niemeyer was hired by Hinsdale as a Firefighter in 1998.

**ANSWER:** The Village admits the allegations in paragraph 8.

9. Prior to his hiring by Hinsdale, Niemeyer had eighteen years of experience as a Firefighter for Clarendon Hills. At the time Niemeyer was hired by Hinsdale, he held a Lieutenant position for Clarendon Hills.

**ANSWER:** The Village lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9.

10. When Niemeyer accepted his employed with Hinsdale, he was forced to resign from his part-time Lieutenant position at Clarendon Hills, even though other firefighters with Hinsdale maintained part-time employment with other villages.

**ANSWER:** The Village denies the allegations in paragraph 10.

11. Beginning in approximately 2004, Niemeyer served as the Senior Man during his shifts. The Senior Man acts in place of a Lieutenant during shifts where no Lieutenant is on shift, or during times when a Lieutenant is sick or on vacation.

**ANSWER:** The Village admits that Plaintiff was the "senior man" on his shifts when the Lieutenant was off and he was the firefighter on that shift with the most seniority. The Village lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 11.

12. Niemeyer understood that his assignment as a Senior Man for the Fire Department was intended to be used to prepare a candidate for full promotion to the Lieutenant rank.

**ANSWER:** The Village lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12.

13. In 2006, Niemeyer participated in the promotional process for the position of Lieutenant.

**ANSWER:** The Village admits the allegations in paragraph 13.

14. The Hinsdale promotional process consists of various components, including a written examination, merit points based on certain educational achievements and certifications, seniority, and a subjective evaluation. (A true and correct copy of Hinsdale's "Promotion Examination Components – Lieutenant" is attached hereto as Exhibit B).

**ANSWER:** The Village admits that Exhibit B is a copy of its "Promotional Exam Components Lieutenant" effective March 1, 2018 and that any promotional process for Lieutenant within the Hinsdale Fire Department after March 1, 2018 would be given pursuant to this process. The Village admits the remaining allegations of paragraph 14.

15. The promotional components, however, are designed to drastically reduce the importance of experience and seniority and instead skew heavily towards the subjective evaluation. Of the available 100 points, 55 points are available through the subjective evaluation while only 5 are rewarded for seniority.

**ANSWER:** The Village admits that the process identified in Exhibit B designates 55 points (55%) to the subjective evaluation portion of the exam and 5 points, ½ point per year of service in the Department to a maximum of 5 points, (5%) are designated for seniority of the candidate. The Village denies the remaining allegations of paragraph 15.

16. By designing the process in this manner, Hinsdale was able to essentially control the promotional process as it pleased since the subjective evaluation comprised more than half of the available points.

**ANSWER:** The Village denies the allegations in paragraph 16.

16. [*Sic*] Niemeyer was not selected to be promoted to Lieutenant from the pool of candidates in 2006.

**ANSWER:** The Village admits the allegations in paragraph 16.

17. Niemeyer once again participated in the Lieutenant promotional process in May of 2011. At the time, Niemeyer was 47 years old.

4

**ANSWER:** The Village admits Niemeyer participated in the Lieutenant promotional process which began in March, 2011 and proceeded through May, 2011. The Village denies the remaining allegations of paragraph 17.

18. Niemeyer scored a 90.9 on the promotional examination. However, three younger candidates, ages 37, 37 and 39, scored higher than Niemeyer due to higher subjection evaluations. (A true and correct copy of the May 27, 2011 test results is attached hereto as Exhibit C).

**ANSWER:** The Village admits that Plaintiff scored a total of 90.9 in the 2011 Lieutenant promotional process. The Village denies that 3 other younger candidates scored higher than Plaintiff due to higher subjective evaluation scores. The Village admits that Exhibit C is a copy of the Board of Fire and Police Commissioners Village of Hinsdale Initial Eligibility List Lieutenant effective May 27, 2011. The Village lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in paragraph 18.

19. Following the 2011 results, Niemeyer expressed his dissatisfaction with being passed over in favor of younger candidates to the then-acting Chief of the Hinsdale Fire Department.

**ANSWER:** The Village lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19.

20. The Chief relayed to Niemeyer that a local municipality was eliminating Commander positions held by senior department members in order to retain the junior members of the department. This conversation reflected Hinsdale's concern regarding retaining new hires of the Hinsdale Fire Department and illustrated the Village's motive in enacting a scheme to discriminate against older candidates.

**ANSWER:** The Village denies that it was motivated to or did discriminate against older candidates. The Village lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 20.

21. The same practice held true in 2015. Despite scoring an 89.76 on the examination, at a time when he was 51 years old, the highest score was awarded to a younger, lesser qualified candidate. (A true and correct copy of the March 13, 2015 test results is attached hereto as Exhibit D).

**ANSWER:** The Village admits that Plaintiff scored a total of 89.76 in the 2015 Lieutenant promotional process. The Village denies that "[t]he same practice held true in 2015" and that the highest score was awarded to a lesser qualified candidate. The Village admits that Exhibit D is a copy of the Village of Hinsdale Board of Police and Fire Commissioners Final Eligibility List Fire Lieutenant effective March 13, 2015. The Village lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in paragraph 22.

22. Once again, in March of 2018, Niemeyer was awarded less points for the Fire Lieutenant examination than younger, less experienced individuals. The second highest score, and eventually the promotion to Lieutenant, was awarded to an individual that was 35 years of age at the time of the examination. (A true and correct copy of the March 14, 2018 test results is attached hereto as Exhibit E).

**ANSWER:** The Village admits that Plaintiff scored less total points than numerous other candidates in the 2018 Lieutenant promotional process including some that were younger than he. The Village admits that the 2 candidates with the highest total scores were promoted to Lieutenant. The Village admits that Exhibit E is a copy of the Village of Hinsdale Board of Police and Fire Commissioners Final Eligibility List Fire Lieutenant effective March 14, 2018. The Village lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in paragraph 22.

### COUNT I
### TITLE VII – DISCRIMINATION
### (Against the Village of Hinsdale)

23. Plaintiff reincorporates and realleges Paragraphs 1 through 22 of his Complaint as if fully set forth herein.

**ANSWER:** The Village adopts and restates its answers and responses to paragraphs 1 through 22 of this Complaint as if fully stated in response to paragraph 23.

24. Plaintiff has been subjected to discrimination and denied equal employment opportunities because of his age, in violation of ADEA, 29 U.S.C. § 621 *et al.*

**ANSWER:** The Village denies the allegations in paragraph 24.

25. The discriminatory conduct, which Plaintiff has been subjected to, includes but is not limited to, a pattern and practice of skewing the subjective portion of the promotional examinations in favor of younger, less qualified and less experienced candidates.

**ANSWER:** The Village denies the allegations in paragraph 25.

26. Defendant's purported legitimate business reasons for refusing to promote Niemeyer to the Lieutenant position are pretextual. Niemeyer was extremely qualified and experienced and unlike many other candidates, served as the Senior Man for the Fire Department for a number of years.

**ANSWER:** The Village denies the allegations in paragraph 26.

27. By so doing, on a continuing basis including the most recent March 14, 2018 testing and eligibility list, Hinsdale unlawfully discriminated against Niemeyer on the basis of his age

**ANSWER:** The Village denies the allegations in paragraph 27.

WHEREFORE, Defendant Village requests judgment in its favor and against the Plaintiff, costs of suit and attorneys' fees, and such other relief as the Court deems appropriate.

**COUNT II**
**§ 1983 – VIOLATION OF CIVIL RIGHTS**
**(Against the Village of Hinsdale)**

28. Plaintiff reincorporates and realleges Paragraphs 1 through 27 of his Complaint as if fully set forth herein.

**ANSWER:** The Village adopts and restates its answers and responses to paragraphs 1 through 27 of this Complaint as if fully stated in response to paragraph 28.

29. Plaintiff's civil rights have been unlawfully infringed upon by the because of his age in violation of 42 U.S.C. § 1983.

**ANSWER:** The Village denies the allegations in paragraph 29.

30. Defendant's conduct was motivated by evil motive or intent, or involved reckless or callous indifference to the federally protected rights of others.

**ANSWER:** The Village denies the allegations in paragraph 30.

WHEREFORE, Defendant Village requests judgment in its favor and against the Plaintiff, costs of suit and attorneys' fees, and such other relief as the Court deems appropriate.

Dated: March 4, 2019

Respectfully Submitted,

/s/ Lisa M. Meador
LISA M. MEADOR, Attorney No. 6270259
*One of the Attorneys for Defendant Village of Hinsdale*

James G. Sotos
Laura M. Ranum
Lisa M. Meador
THE SOTOS LAW FIRM, P.C.
141 W. Jackson Blvd., #1240A
Chicago, IL 60604
Tel: (630) 735-3300
LMeador@jsotoslaw.com

## AFFIRMATIVE DEFENSES

1. Plaintiff's discrimination and retaliation claims are barred to the extent they exceed the scope of the Charges of Discrimination he filed with the U.S. Equal Employment Opportunity Commission.

2. Plaintiff is precluded from recovery for any discriminatory acts alleged to have occurred more than 300 days prior to the filing of his Charges of Discrimination.

3. Plaintiff has failed to state a proper cause of action under § 1983.

4. Defendant is entitled to immunity from punitive damages awards.

WHEREFORE, Defendant respectfully requests that the Complaint be dismissed, in its entirety and with prejudice, and that Defendant be granted costs and fees and such further and additional relief as the Court deems just and proper.

Dated: March 4, 2019          Respectfully Submitted,

/s/ Lisa M. Meador
LISA M. MEADOR, Attorney No. 6270259
*One of the Attorneys for Defendant Village of Hinsdale*

James G. Sotos
Laura M. Ranum
Lisa M. Meador
THE SOTOS LAW FIRM, P.C.
141 W. Jackson Blvd., #1240A
Chicago, IL 60604
Tel: (630) 735-3300
LMeador@jsotoslaw.com

## **JURY DEMAND**

Defendant Village of Hinsdale hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable.

Dated: March 4, 2019 Respectfully Submitted,

/s/ Lisa M. Meador
LISA M. MEADOR, Attorney No. 6270259
*One of the Attorneys for Defendant Village of Hinsdale*

James G. Sotos
Laura M. Ranum
Lisa M. Meador
THE SOTOS LAW FIRM, P.C.
141 W. Jackson Blvd., #1240A
Chicago, IL 60604
Tel: (630) 735-3300
LMeador@jsotoslaw.com

## CERTIFICATE OF SERVICE

      I hereby certify under penalty of perjury pursuant to 28 U.S.C.A. § 1746 that on **March 4, 2019,** I electronically filed the foregoing **Defendant Village of Hinsdale's Answer to Plaintiff's Complaint** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following CM/ECF participants listed below:

*<u>Counsel for Plaintiff:</u>*

Kerry Evan Saltzman
David J. Strubbe
Williams, Bax & Saltzman, P.C.
221 N. LaSalle Street, Suite 3700
Chicago, IL 60601
(312) 372-3311
saltzman@wbs-law.com
strubbe@wbs-law.com

                                        /s/ Lisa M. Meador
                                        LISA M. MEADOR, Attorney No. 6270259
                                        *One of the Attorneys for Defendant Village of Hinsdale*